# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| TANIA POMA and JOSE S. MANZANO, | \* | |
| natural parents and guardians of | \* | No. 12-427V |
| DYLAN MANZANO, a minor, | \* | Special Master Christian J. Moran |
| | \* | |
| Petitioners, | \* | |
| | \* | Filed: June 26, 2013 |
| v. | \* | |
| | \* | Stipulation; tetanus-diphtheria-acellular |
| SECRETARY OF HEALTH | \* | pertussis (Tdap), meningococcal, hepatitis |
| AND HUMAN SERVICES, | \* | A vaccines; Guillain-Barré Syndrome |
| | \* | (GBS); attorneys' fees and costs |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## UNPUBLISHED DECISION[1]

Carol L. Gallagher, Linwood, NJ, for Petitioners;
Ann D. Martin, U.S. Department of Justice, Washington, D.C., for Respondent.

On June 20, 2013, the respondent filed a joint stipulation concerning the petition for compensation filed by Tania Poma and Jose Manzano on behalf of their son, Dylan Manzano ("Dylan"). Their petition seeks compensation for injuries allegedly related to Dylan's receipt of tetanus-diphtheria-acellular pertussis ("Tdap"), meningococcal, and hepatitis A ("Hep A") vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which Dylan received on June 10, 2011. Petitioners allege that on or about June 21, 2011, Dylan suffered the onset of Guillain-Barré Syndrome ("GBS"), which was caused in fact by the vaccines he received on June 10, 2011. Petitioners further allege that Dylan suffered the residual effects of this injury for more than six months. Petitioners represent that there has been no prior award or settlement of a civil action for damages on Dylan's behalf as a result of his condition.

Respondent denies that the Tdap, meningococcal, and/or Hep A vaccines that Dylan received on June 10, 2011, or any other vaccines, caused Dylan's GBS, or any other injury.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Respondent further denies that Dylan experienced the residual effects of a vaccine-related injury for more than six months.

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages and attorneys' fees and costs, on the terms set forth therein.

Compensation awarded in that stipulation includes:

A. **A lump sum payment of $90,000.00 to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased;** and

B. **A lump sum of $18,192.05 in the form of a check payable jointly to petitioners and petitioners' attorney, Carol L. Gallagher, for attorneys' fees and costs;** and

C. **A lump sum of $310.28 in the form of a check payable to petitioners, which in compliance with General Order #9, constitutes the out-of-pocket litigation expenses incurred by petitioners in proceeding on the petition.**

   **These payments represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a), and reasonable attorneys' fees and costs under 42 U.S.C. §300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 12-427V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Tucker McCarthy, at (202) 357-6392.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

TANIA POMA and JOSE S. MANZANO, )
natural parents and guardians of )
DYLAN MANZANO, a minor )
                             )
             Petitioners, )
                             )     No. 12-427V
                             )     Special Master Moran
     v. )     ECF
                             )
SECRETARY OF HEALTH AND )
HUMAN SERVICES, )
                             )
             Respondent. )
                             )

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, Dylan Manzano ("Dylan"), petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Dylan's receipt of tetanus-diphtheria-acellular pertussis ("Tdap"), meningococcal, and hepatitis A ("Hep A") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Dylan received Tdap, meningococcal, and Hep A vaccines on June 10, 2011.

3. The vaccines were administered within the United States.

4. Petitioners allege that on or about June 21, 2011, Dylan suffered the onset of Guillain-Barre Syndrome ("GBS"), which was caused in fact by the vaccines he received on June 10, 2011. Petitioners further allege that Dylan suffered the residual effects of this injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of Dylan as a result of his condition.

6. Respondent denies that the Tdap, meningococcal, and/or Hep A vaccines that Dylan received on June 10, 2011, or any other vaccines, caused Dylan's GBS, or any other injury. Respondent further denies that Dylan experienced the residual effects of a vaccine-related injury for more than six months.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.    A lump sum of $90,000.00 to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company");

    b.    A lump sum of $18,192.05 in the form of a check payable jointly to petitioners and petitioners' attorney, Carol L. Gallagher, for attorneys' fees and costs; and

    c.    A lump sum of $310.28 in the form of a check payable to petitioners, which in compliance with General Order #9, constitutes the out-of-pocket litigation expenses incurred by petitioners in proceeding on the petition.

These payments represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a), and reasonable attorneys' fees and costs under 42 U.S.C. § 300aa-15(e).

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

2

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for Dylan's benefit, pursuant to which the Life Insurance Company will agree to make a lump sum payment on May 16, 2018, in the amount of $93,500.00. The purchase price of the annuity shall be neither less nor greater than $90,000.00. In the event that the cost of the annuity varies from $90,000.00 at the time of funding, the lump sum payment to be made on May 16, 2018, shall be adjusted upward or downward to ensure that the total cost of the annuity is neither less nor greater than $90,000.00. Should Dylan predecease the remittance of the certain lump sum payment set forth above, the payment shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of Dylan's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein, and that they do not guarantee or insure the future annuity payment. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to the future annuity payment.

12. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

13. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

14. The parties and their attorneys further agree and stipulate that the money provided pursuant to this Stipulation to purchase the annuity contract will be used solely for the benefit of Dylan as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

15. In return for the payments described in paragraph 8, petitioners, in their individual capacities and as legal representatives of Dylan, on their own behalf, and on behalf of Dylan, his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Dylan resulting from, or alleged to have resulted from, the Tdap, meningococcal, and Hep A vaccines that Dylan received on June 10, 2011, as

4

alleged by petitioners in a petition for vaccine compensation filed on or about June 29, 2012, in the United States Court of Federal Claims as petition No. 12-427V.

16. If Dylan should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

17. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

18. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

19. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

20. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Tdap, meningococcal and/or Hep A vaccines that Dylan received on June 10, 2011, or any other vaccine, caused him to suffer GBS, or any

other injury, or that Dylan experienced the residual effects of a vaccine-related injury for more than six months.

21. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of Dylan Manzano.

END OF STIPULATION

Respectfully submitted,

PETITIONERS:

_[signature]_

TANIA POMA

_[signature]_

JOSE S. MANZANO

ATTORNEY OF RECORD FOR
PETITIONER:

_[signature]_

CAROL L. GALLAGHER
Carol L. Gallagher, Esquire LLC
1201 New Road
Suite 133
Linwood, NJ 08221
(609) 927-1141

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_[signature]_

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

_[signature]_

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
Injury Compensation (DVIC), Director,
Countermeasures Injury Compensation
Program (CICP)
Healthcare Systems Bureau, U.S. Dept.
of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_[signature]_

ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-1815

Dated: June 20, 2013

7